In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-2143

VETERANS LEGAL DEFENSE FUND,
an Illinois not-for-profit corporation,
TOM FOSTER, and STEVEN C. TERRY,

*Plaintiffs-Appellants*,

*v.*

MICHAEL S. SCHWARTZ, in his official capacity
as Director of the Department of Central
Management Services of the State of Illinois,
individually and on behalf of all State agencies
and political subdivisions of the State of Illinois,
and JESSE WHITE, in his official capacity as
Secretary of State of the State of Illinois,
individually and on behalf of all State agencies
and all political subdivisions of the State of Illinois,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 97 C 3380—**Richard Mills**, *Judge.*

ARGUED APRIL 15, 2003—DECIDED MAY 30, 2003

Before FLAUM, *Chief Judge,* and RIPPLE and WILLIAMS,
*Circuit Judges*.

FLAUM, *Chief Judge*.  Tom Foster and Steven Terry, joined by the Veterans Legal Defense Fund ("VLDF"), brought this action under 42 U.S.C. § 1983 against the Illinois Secretary of State and the Director of the Illinois Department of Central Management Services. The plaintiffs claim that their due process rights were violated when the defendants deprived them of their civil-service hiring preference, which they were entitled to as veterans of the armed services. The plaintiffs sought to represent a class of similarly passed over veterans. The district court denied the motion for class certification and later granted summary judgment for the defendants. For the reasons stated herein, we affirm.

## I.  Background

The hiring for civil service positions in Illinois is centralized through the Illinois Department of Central Management Services ("CMS"). CMS receives applications indicating the general type of position the candidate is interested in. Based on various factors, CMS grades candidates and places them in categories such as A, B, and C. An eligibility list is then compiled and the applicants are ranked according to their grade category. Agencies that have hiring needs choose candidates from the highest category to interview.

When making the final hiring decision, the agency must conform with § 8b.7(f) of the Illinois Personnel Code: "When the Director [of CMS] establishes eligible lists on the basis of category ratings such as 'superior', 'excellent', 'well-qualified', and 'qualified', the veteran eligibles in each such category shall be preferred for appointment before the non-veteran eligibles in the same category." 20 ILCS 415/8b.7(f) (2003). The Illinois Supreme Court held in *Denton v. Civil Serv. Comm'n*, 176 Ill.2d 144, 153 (1997), that § 8b.7(f) "provides veterans an absolute hiring prefer-

ence over nonveterans within the same grade category." The court explained, "[W]hen the Director of CMS chooses to organize eligibility lists on the basis of category ratings, a veteran must receive an offer for the job before nonveterans of the same grade category." *Id.* at 150. Shortly after this decision the Governor's office issued a memorandum to the directors and chief counsels of state agencies stating that "[e]ffective immediately, all agencies, departments, bureaus, boards and commissions subject to the control or direction of the Governor shall conform their personnel practices to the ruling of the Illinois Supreme Court."

Foster and Terry are both veterans of the armed services. They applied to CMS for civil service jobs during 1995 and 1996 and received "A" category rankings for a number of jobs. Neither Foster nor Terry was hired and nonveterans were hired for some of the jobs for which Foster and Terry received "A" rankings and were turned down.

Foster, Terry, and the VLDF then brought this suit alleging a violation of their due process rights and seeking injunctive relief against the defendants. The plaintiffs sought to certify a class of veterans who were entitled to but denied the absolute veteran's preference in state hiring. The district court rejected the motion for class certification. Subsequently, the court granted the defendant's motion for summary judgment on the grounds that the Eleventh Amendment barred the suit under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiffs now appeal.

## II. Discussion

Although this appeal raises various complex legal questions, its resolution is straightforward because plaintiffs cannot show that the state failed to provide adequate remedies—a showing that is fundamental to their due

process claims, both procedural and substantive. Thus, we need not decide such questions as whether the Eleventh Amendment bars this suit,[1] whether the hiring preference created a constitutionally protected property right, *cf. Carter v. City of Philadelphia*, 989 F.2d 117, 122 (3d Cir. 1993) (holding statutory promotion preference for veterans to be constitutionally protected), or whether the district court erred in denying class certification.[2]

Even if we assume that the hiring preference in question created a constitutionally protected property interest, to establish a violation of procedural due process plaintiffs need to show that they were deprived of that interest without due process of law. For some deprivations due process includes a predeprivation hearing, but "[p]ost-deprivation remedies are a constitutionally acceptable substitute for predeprivation remedies in many procedural due process cases." *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997). In this case the state provided no pre-deprivation remedies. Thus we must ask two questions: 1)

---

[1] Defendants have waived all Eleventh Amendment arguments and argued the case on the merits.

[2] The district court denied class certification on the grounds that the members of the class had competing interests. The court reasoned that for any given position only one veteran can prove that she would have been hired had the preference been enforced. The class members, according to the district court's reasoning, were only "potentially deprived of their absolute preference" and therefore each must try to prove that they were more qualified than the other class members. We have reservations about this analysis. It is the preference and not the job that the plaintiffs argue they were deprived of; by showing that a nonveteran was hired when veterans ranked equally, the class would have shown that all members were actually denied the preference. Each class member is better off when the preference is being enforced than when it isn't. They may not get the job, but they are guaranteed the preference.

are postdeprivation remedies an adequate substitute here? And if so 2) were the specific postdeprivation remedies sufficient in this case?

As to the first question, we must determine whether the state was responsible for providing a predeprivation hearing under the circumstances of this case. The Supreme Court has decided a series of cases dealing with when predeprivation hearings are required. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Zinermon v. Burch*, 494 U.S. 113 (1990). *Parratt* essentially stands for the rule that when predeprivation hearings are impractical because the actions of the state officers were "random and unauthorized" the state is only responsible for providing postdeprivation remedies. *Zinermon* on the other hand found that the state had failed in providing adequate predeprivation procedures when those procedures could have prevented a predictable "abuse of broadly delegated, uncircumscribed power to effect the deprivation at issue." 494 U.S. at 136. The Court's decisions in these cases have been construed by some to be in direct tension with each other, *see, e.g.*, *Easter House v. Felder*, 910 F.2d 1387, 1408 (7th Cir. 1990) (Easterbrook, J., concurring); this circuit however has had the opportunity to address this apparent tension in *Easter House v. Thomas* and concluded that *Zinermon* did nothing more than refine and narrow the scope of the *Parratt* rule. We explained,

> The Supreme Court has attempted to strike a balance between the competing interests of providing a remedy for injuries sustained in connection with violations of constitutional rights and avoiding the use of § 1983 as just another opportunity for parties to shop between state and federal forums. The Court's decision in *Zinermon* does not appear to alter this balance.

*Easter House,* 910 F.2d at 1404. In distinguishing *Zinermon* from cases where *Parratt* would apply, we explained that

> the dispositive factor in determining whether *Parratt* will indeed apply in a given situation is still whether the state actor's conduct is "random and unauthorized" or, as the Court has rephrased it, whether the state actor's conduct is "predictable and authorized."

*Id.* at 1400. Looking at the specific facts of *Easter House,* where the plaintiff was claiming that the defendants had conspired to deprive it of an operating license, we found that predeprivation procedures were not necessitated because the defendants' actions were "patently inconsistent with Illinois law and constituted an outright departure from the authority which the [state official] was granted under governing statutes and regulations." *Id.* at 1401. We focused on whether the discretion of the decision makers was "uncircumscribed or otherwise unregulated." *Id.* We later explained that "Illinois adopted a procedure which provided adequate due process protection; it contained no loopholes which would allow a deprivation to occur without due process unless the state employees acted in an unforeseen way." *Id.* at 1404. The deprivation was therefore unpredictable: "Only when the appellants took action which went beyond the realm of the foreseeable did [plaintiffs] suffer a property deprivation." *Id.*

The reasoning in *Easter House* is controlling here. The deprivation of the hiring preference was random and unauthorized. All three branches of the Illinois government had mandated the enforcement of the preference. The legislature enacted § 8b.7 of the Illinois Personnel Code. The Illinois Supreme Court explicitly stated that the statute provided an absolute preference. And the executive issued an order directing that all hiring be done in compliance with the mandated preference. The language we used to describe the actions taken in *Easter House*

perfectly describe the actions taken here. The discretion of the defendants in making the hiring decisions was circumscribed and regulated. Only by acting in a manner "patently inconsistent with Illinois law," could the defendants deprive the plaintiffs of the hiring preference. This represented "an outright departure from the authority" granted to them under state law. Illinois had adopted an absolute preference and only when the defendants "took action which went beyond the realm of the foreseeable did [plaintiffs] suffer a property deprivation." The defendants here acted contrary to the explicit policies and laws of Illinois. This is specifically the sort of case excluded by *Easter House*:

> Section 1983 must be preserved to remedy only those deprivations which actually occur without adequate due process of law, such as those which result from a *state's* conscious decision to ignore the protections guaranteed by the constitution. It should not be employed to remedy deprivations which occur at the hands of a state employee who is acting in direct contravention of the state's established policies and procedures which have been designed to guarantee the very protections which the *employee* now has chosen to ignore. Such a limitation upon § 1983 maintains the delicate balance between the state and federal judicial systems, leaving the former to remedy individual torts and the latter to address property deprivations which occur without adequate due process protection.

*Id.* at 1404-05.

Turning to the post-deprivation remedies in this case, the defendants claim that plaintiffs had adequate post-deprivation remedies available in administrative review or in an action for mandamus. Plaintiffs do not deny the availability of these remedies, nor do they provide any coherent argument as to why these remedies would

be inadequate. Instead plaintiffs continually insist that § 1983 does not require that plaintiffs exhaust state remedies. This is true, *see Wudtke*, 128 F.3d at 1063; unfortunately it is completely irrelevant. While a plaintiff is not required to exhaust state remedies to bring a § 1983 claim, this does not change the fact that no due process violation has occurred when adequate state remedies exist. The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies. Therefore, we do not require a plaintiff to pursue those remedies in order to challenge their adequacy, but likewise we do not allow a plaintiff to claim that she was denied due process just because she chose not to pursue remedies that were adequate. Given the availability of state remedies that have not been shown to be inadequate, plaintiffs have no procedural due process claim.

The analysis of the substantive due process claim is similar. When a plaintiff brings a substantive due process claim predicated on the deprivation of a state-created property interest, she must show that the state violated some other substantive constitutional right or that state-law remedies are inadequate. *Draghi v. County of Cook*, 184 F.3d 689, 694 (7th Cir. 1999); *Wudtke*, 128 F.3d at 1062. There is no contention that this case involves some other substantive violation. And, as we have already discussed, plaintiffs have not shown an inadequacy of state remedies.

## III.  Conclusion

Plaintiffs in this case have not demonstrated a lack of due process, procedural or substantive, in the deprivation of their hiring preference. As such they cannot prevail, individually or as a class, on their claims—even if the hiring preference is a constitutionally protected property

interest. The judgment of the district court is therefore AFFIRMED.

A true Copy:

     Teste:

                _____

                *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*