In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-2782

CASIMIR STACHOWSKI,

*Plaintiff-Appellant,*

*v.*

TOWN OF CICERO,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 282—**James F. Holderman**, *Judge.*

ARGUED JANUARY 5, 2005—DECIDED OCTOBER 14, 2005

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Casimir Stachowski ("Stachow-
ski"), a policeman for the Town of Cicero (the "Town"),
defrauded the Town out of nearly $53,000 by making false
overtime claims. The Town suspended him without pay and
petitioned the Board of Fire, Police, and Public Safety
Commissioners (the "Board"), seeking Stachowski's ter-
mination. After hearings, the Board issued a decision stat-
ing that termination was "appropriate." Stachowski took the
position that this decision was nothing more than a recom-
mendation and did not appeal. Instead, he applied for
retirement and was awarded pension benefits. Then,
claiming that his employment was never actually termi-
nated, Stachowiski sued the Town for depriving him of

property—the salary he did not receive while he was suspended—without due process of law. He also asserted an equal protection claim. The district court dismissed Stachowski's lawsuit for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), and Stachowski appeals. We affirm.

## I. Background

Stachowski spent twenty-one years in service as a Town of Cicero police officer before he was caught in 1997 making false overtime claims totaling nearly $53,000. Stachowski was suspended without pay and the Town initiated termination proceedings before the Board. Hearings were held, but for reasons not apparent in the record, the Board did not issue a decision until 2003. When the Board finally decided the termination petition, this is what it wrote: "[I]t is appropriate to terminate Casimir Stachowski for each of the violations [alleged against him]. This decision is subject to review pursuant to the Illinois Administrative Review Act . . . ." The Board denied Stachowski's subsequent request for a hearing, stating that it had "previously found that due to the severity of the charges which respondent was found guilty of, the only proper discipline was termination."

Despite the Board's findings, Stachowski enjoys the status of a retired police officer. Shortly after the Board's decision finding termination to be "appropriate," Stachowski applied for retirement benefits. This application was approved by the Town of Cicero Police Pension Board, a body independent of the disciplinary board that heard the Town's petition to terminate Stachowski's employment.

Apparently the $53,000 in ill-gotten gains plus retirement benefits were not enough. Stachowski sued the Town, claiming that he was never actually fired and the withholding of pay during the period of his suspension was a violation of his due process and equal protection rights.

Stachowski's lawsuit did not get far in district court. Holding that the Board's order was, in fact, a final decision to terminate Stachowski's employment, the district court granted the Town's motion to dismiss pursuant to Rule 12(b)(6). Regarding Stachowski's due process claim, the district court held that Stachowski was afforded due process under Illinois law in two respects. First, Stachowski received a final termination decision from the Board, which he could have appealed pursuant to the Illinois Administrative Review Act, 735 Ill. Comp. Stat. 5/3-101. Second, if Stachowski truly believed that the Board's decision was not final and therefore not appealable, he could have petitioned an Illinois court for a writ of mandamus, requiring the Board to clarify whether its order was final. The district court also dismissed Stachowski's equal protection claim for failure to allege that similarly situated Town police officers were treated differently. More specifically, the court noted that Stachowski had not alleged that other police officers terminated for serious misconduct nevertheless received back pay for periods of unpaid suspension. Stachowski moved the district court to reconsider its judgment under Federal Rule of Civil Procedure 59(e), but the district court was not persuaded. Stachowski appeals the judgment.

## II. Discussion

Stachowski's arguments on appeal rely on a single flawed premise—that the Board's decision finding termination to be "appropriate" was not a final order of termination and thus had no legal effect. From this faulty premise Stachowski argues he was deprived of property—the wages he was not paid between his "unauthorized" 1997 suspension and his 2003 retirement—without due process of law, and also that his right to equal protection was violated.

Stachowski does not attack the adequacy of the pre-deprivation process he received, nor does he directly

challenge the statutory postdeprivation procedure for reviewing actions of Illinois police disciplinary boards. *See Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939-40 (7th Cir. 2003); 735 ILCS 5/3-101 *et seq.* Rather, he contends that he was held in administrative limbo—unable to collect pay during his suspension yet unable to obtain review of any adverse termination decision because no adverse decision had been made. Stachowski's equal protection argument is similar. He claims entitlement to back wages for the period of disciplinary suspension between 1997 and 2003 because his employment was never officially terminated. As far as we can tell, the equal protection "hook" here is Stachowski's assertion that because he was never actually terminated, he is similarly situated to other police officers who retire without having been subjected to disciplinary suspension and termination.

When a district court grants a motion to dismiss under Rule 12(b)(6), our review is de novo. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). We look to the pleadings, taking the facts pleaded as true and construing all reasonable inferences in favor of the plaintiff. *Id.* We are not required, however, to accept assertions of law or unwarranted factual inferences. *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). If there is no set of facts that would entitle Stachowski to relief, the district court's judgment of dismissal must be affirmed. *See id.*

We begin by rejecting Stachowski's premise that the Board's decision was not final. The language that "it is appropriate to terminate Casimir Stachowski" was in response to the Town's petition that Stachowski be terminated. Any reasonable view of this language demands the conclusion that the Board granted the Town's request to terminate Stachowski. The Board went on to note that its decision was subject to review pursuant to the Illinois Administrative Review Act. In Illinois only final agency decisions are reviewable. 735 ILCS 5/3-101 & 102.

Stachowski argues that pronouncing a decision reviewable does not necessarily make it so, but in this case that pronouncement unmistakably indicates the Board's intention to issue a final decision. Moreover, any doubt about the decision's finality was dispelled by the Board's later order denying Stachowski's follow-up request for a hearing: the "Board previously found that due to the severity of the charges which respondent was found guilty of, the only proper discipline was termination." Perhaps the Board's order could have been more emphatically worded— "Stachowski is hereby terminated," or "It is so ordered," or something of the kind—but there can be no doubt that the Board's order was a final decision to terminate Stachowski for his misconduct.

Since the Board's decision was final, Illinois law afforded Stachowski all the process he was due. Procedural due process requires the availability of adequate postdeprivation remedies. *Veterans Legal Def. Fund*, 330 F.3d at 941. Stachowski could have sought administrative review of the Board's final decision under the Illinois Administrative Review Act. *See* 735 ILCS 5/3-101 to 113. Indeed, the Board's decision informed him of that right. Stachowski's failure to pursue the procedures available to him does not give rise to a due process claim. *Veterans Legal Def. Fund*, 330 F.3d at 941. His subjective belief that the Board's order had no effect cannot form the basis of a due process claim.

Stachowski's equal protection claim likewise fails. The "class of one" equal protection claim that Stachowski tried to make requires, among other things, that he was treated differently than others similarly situated. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Stachowski's argument is that, like other police officers who retire after careers untarnished by official disciplinary action, he is entitled to the back pay that accrued during his suspension. But given our conclusion that the Board's order was a

final order of termination for misconduct, Stachowski is not similarly situated to other officers who retire with untarnished records and he has thus failed to state an equal protection claim. *See Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (holding that "[i]n order to succeed, [plaintiff] must demonstrate that [he was] treated differently than someone who is *prima facie* identical in all relevant respects"). Stachowski has not alleged that he was treated differently than other officers who were awarded retirement benefits after suspension and then termination for misconduct.

The district court's judgment is AFFIRMED.

A true Copy:

   Teste:


         _____
         *Clerk of the United States Court of*
         *Appeals for the Seventh Circuit*