**GENZYME CORPORATION, Plaintiff,**

v.

**Charles BISHOP, Keith Crawford, Eric Messner, Proventiv Therapeutics LLC and Cytochroma, Inc., Defendants.**

**No. 06–C–428–S.**

United States District Court,
W.D. Wisconsin.

Dec. 1, 2006.

James R. Cole, Quarles & Brady, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Genzyme Corporation commenced this civil action against defendants Charles Bishop, Keith Crawford, Eric Messner, Proventiv Therapeutics LLC, and Cytochroma, Inc. seeking both monetary and injunctive relief. As is relevant to the present motion, plaintiff alleges unjust enrichment against all defendants. Jurisdiction is based on 28 U.S.C. § 1332. The matter is presently before the Court on defendants' motion to dismiss count two of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The following facts relevant to defendants' motion are undisputed.

## BACKGROUND

Count two of plaintiff's amended complaint alleges unjust enrichment against all defendants. Said count alleges in relevant part as follows:

> Defendants have received and retained the benefits of possessing, selling, and otherwise using [plaintiff's] materials and/or confidential, non-trade secret information that was created by or on behalf of Bone Care, using Bone Care time, resources, and/or materials.

> Upon information and belief, each defendant appreciates and knows of the benefits they have received and retained.

## MEMORANDUM

Defendants argue their motion to dismiss count two of plaintiff's amended complaint should be granted because its claim for unjust enrichment is based upon restitutionary law providing a civil remedy for misappropriation of a trade secret and as such is preempted by Wis. Stat. § 134.90(6)(a).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997) (citation omitted). Dismissal is appropriate only if it appears beyond doubt that plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99,

102, 2 L.Ed.2d 80 (1957) (citations omitted).

When deciding a motion to dismiss for failure to state a claim courts are generally restricted to an analysis of the complaint. *See Hill v. Trustees of Ind. Univ.,* 537 F.2d 248, 251 (7th Cir.1976) (citation omitted). Additionally, courts will accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977–978 (7th Cir.1999) (citation omitted). However, courts are not required to accept assertions of law or unwarranted factual inferences contained within the complaint when deciding a motion to dismiss. *Stachowski v. Town of Cicero,* 425 F.3d 1075, 1078 (7th Cir.2005) (citation omitted).

The Wisconsin Uniform Trade Secret Act "displaces conflicting tort law, restitutionary law and any other law of this state providing a civil remedy for misappropriation of a trade secret." Wis. Stat. § 134.90(6)(a). Expressly excluded from such displacement is "any civil remedy not based upon misappropriation of a trade secret." Wis. Stat. § 134.90(6)(b)(2). Accordingly, the Wisconsin Supreme Court has determined that civil claims for relief are not abrogated by Wis. Stat. § 134.90(6) with the exception of those civil tort claims (and presumably those restitutionary claims) "that require the use of a statutorily-defined trade secret." *Burbank Grease Servs., LLC v. Sokolowski,* 2006 WI 103, ¶ 23, 717 N.W.2d 781, 789–790.

■ The definition of trade secret is found in Wis. Stat. § 134.90(1)(c) which provides as follows:

(c) "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply:

1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.

*Minuteman, Inc. v. L.D. Alexander,* 147 Wis.2d 842, 852, 434 N.W.2d 773, 777 (1989) *(citing* Wis. Stat. § 134.90(1)(c)). Accordingly, any civil claim not grounded in a trade secret, *"as defined in the statute,"* remains available. *Burbank Grease Servs., LLC,* at ¶ 33, 717 N.W.2d at 793–794 (emphasis in original). As such, defendants' motion to dismiss count two of plaintiff's complaint must be denied because it states a civil restitutionary claim which if proven may not be grounded in a trade secret as such term is statutorily defined.

Count two of plaintiff's amended complaint alleges unjust enrichment against all defendants. Said count alleges in relevant part as follows:

Defendants have received and retained the benefits of possessing, selling, and otherwise using [plaintiff's] materials and/or confidential, non-trade secret information that was created by or on behalf of Bone Care, using Bone Care time, resources, and/or materials.

Upon information and belief, each defendant appreciates and knows of the benefits they have received and retained.

Taking plaintiff's allegations as true (which the Court must at this stage) count two of plaintiff's complaint expressly alleges that defendants have received and retained the benefits of possessing, selling, and otherwise using plaintiff's materials, and/or confidential, *non-trade secret information* and the Wisconsin Supreme Court has determined that this type of claims remains available under Wis. Stat. § 134.90. *Id.* at ¶ 23, 717 N.W.2d at 789–790.

The determination of what constitutes a statutorily defined trade secret under Wis. Stat. § 134.90(1)(c) is necessarily a fact-intensive inquiry considering such factors such as: (1) the extent to which the information is known outside the business, (2) the extent to which it is known by employees and others involved in the business, (3) the extent of measures taken to guard the secrecy of the information, (4) the value of the information to the business and its competitors, (5) the amount of effort or money expended by the business in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Minuteman, Inc.,* at 851, 434 N.W.2d at 777.

When ruling on defendants' motion to dismiss the Court is restricted to an analysis of plaintiff's complaint. *See Hill,* at 251 (citation omitted). At this stage, the Court does not possess sufficient factual information to conclude as a matter of law that the allegedly received and retained information (which serves as the factual basis for count two of plaintiff's amended complaint) constitutes a trade secret. In the end, it may and as a result count two may be preempted by Wis. Stat. § 134.90(6)(a). However, such an inquiry is better addressed on summary judgment where both parties have the opportunity to develop the record and submit evidence to the Court in support of their respective positions. Accordingly, defendants' motion to dismiss count two of plaintiff's amended complaint is denied.

## ORDER

IT IS ORDERED that defendants' motion to dismiss count two of plaintiff's amended complaint is DENIED.