In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3297

LaBELLA WINNETKA, INC.,

*Plaintiff-Appellant,*

*v.*

THE VILLAGE OF WINNETKA and
DOUGLAS WILLIAMS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 6633—**Virginia M. Kendall**, *Judge.*

ARGUED OCTOBER 26, 2010—DECIDED DECEMBER 29, 2010

Before POSNER, FLAUM, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge.* On February 28, 2007, a roof fire broke out at the Italian restaurant operated by LaBella Winnetka, Inc. in the Village of Winnetka, Illinois. The restaurant's doors have remained closed since that date. LaBella blames the Village and its manager, Douglas Williams, for preventing it from reopening the restaurant. LaBella appeals the district court's dismissal of its equal protection, substantive due process, procedural

due process, and state law claims against the Village and Williams.

For the following reasons, we affirm the district court's judgment.

## I. Background

LaBella opened its restaurant in the Village in 1993. The restaurant was located in a space LaBella leased from a private party ("the Landlord"). The lease was extended from time to time, with the last extension running through July 31, 2008. Also in 1993, LaBella applied for and received a Retail Liquor License from the Village. Each year between 1993 and 2007, the Village sent LaBella a liquor license renewal form, and renewed LaBella's license after LaBella submitted the completed form.

In February 2007, the Landlord hired roofers to do construction work on the roof above LaBella's restaurant. The Village and Williams (collectively "defendants") did not require the Landlord to obtain a building permit to perform the work. On February 28, 2007, LaBella informed defendants that the roofing contractor was using flammable materials to repair the roof, which might cause damage to the roof or building. Neither the Village nor Williams responded to LaBella's complaint. Later that day, the roof work caused a fire that damaged the roof over LaBella's main dining room, forcing LaBella to close. LaBella's kitchen, bar, and outdoor patio sustained no damaged from the fire.

LaBella applied for permits to repair the fire damage to its restaurant's interior, but defendants refused to issue any permits until the Landlord replaced the roof. Defendants also refused to allow LaBella to partition off the portion of the restaurant in need of repair and to reopen in the undamaged bar and outdoor patio areas.

Another restaurant—Corner Cooks—operated out of the same building as LaBella. Corner Cooks was permitted by defendants to reopen immediately after the fire. While LaBella was closed, defendants approved permits and designs for Corner Cooks to open Jerry's Restaurant in portions of the building that were still leased to LaBella, including the bar area in which defendants had refused to allow LaBella to reopen. LaBella contends that Corner Cooks and Jerry's Restaurant received special treatment because they were what Village employees referred to as "Friends of Doug," meaning businesses favored by Village Manager Williams. LaBella was not a Friend of Doug.

Another Friend of Doug is O'Neil's Restaurant. Between March 18, 2008 and June 16, 2009, defendants allowed O'Neil's Restaurant to remain open for business while a portion of its restaurant was partitioned-off for building repairs.

As noted above, LaBella held a Retail Liquor License issued by the Village; that license was set to expire on March 31, 2008. LaBella alleged that the Village and Williams "terminate[d]" LaBella's liquor license by not sending the annual renewal form to LaBella, as they routinely had done the previous fourteen years. Amended Cmplt. at ¶ 51B. The Village and Williams also allegedly

approved "the issuance of a Class A-1 liquor license to Corner Cooks and Jerry's Restaurant at the same address as LaBella, and after doing so, . . . cancelled LaBella's Retail Liquor License—without cause, notice or a hearing." *Id.*

LaBella filed suit against the Village and Williams on November 26, 2007. In an amended complaint filed on April 3, 2008, LaBella asserted four claims against defendants: (1) a claim for violation of its equal protection rights under 42 U.S.C. § 1983 and the Fourteenth Amendment; (2) a claim for violation of its substantive due process rights under 42 U.S.C. § 1983 and the Fourteenth Amendment for deprivation of its property interest in its lease and restaurant business; (3) a claim for violation of its due process rights under 42 U.S.C. § 1983 and the Fourteenth Amendment for deprivation of its food and liquor licenses; and (4) a claim for intentional interference with its lease and its prospective business expectancy.

Defendants filed a motion to dismiss the amended complaint, which the district court granted on March 18, 2009. LaBella filed a Rule 59(e) motion to alter or amend the judgment, which the district court denied. This timely appeal followed.

## II. Discussion

We review the district court's grant of defendants' Rule 12(b)(6) motion to dismiss de novo, construing the amended complaint in the light most favorable to LaBella, accepting as true all well-pleaded facts alleged, and

drawing all possible inferences in its favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).[1]

## A. Class-of-One Equal Protection Claim

Count I of the amended complaint asserts a class-of-one equal protection claim, alleging that defendants discriminated against LaBella, while favoring "Friends of Doug" restaurants, by selectively enforcing Village ordinances and building codes. In support of that claim, LaBella points to defendants' decision to allow Corner Cooks to reopen immediately, while forcing LaBella to remain closed. LaBella also notes that defendants allowed Corner Cooks and Jerry's Restaurant to operate out of LaBella's undamaged bar area after the fire, instead of authorizing LaBella to do so. Finally, LaBella relies on defendants' refusal to let LaBella partition off portions of its restaurant while it repaired the damage from the fire, as it later permitted O'Neil's Restaurant to do while undergoing renovations.

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any persons

---

[1] LaBella also appeals the district court's denial of its Rule 59(e) motion, in which it argued that the district court's opinion dismissing the amended complaint was premised on manifest errors of law and fact. Generally, we review denials of motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) for abuse of discretion. *Sosebee v. Astrue*, 494 F.3d 583, 589-90 (7th Cir. 2007). However, because we are reviewing the dismissal de novo, we need not separately consider the denial of the Rule 59(e) motion.

within its jurisdiction the equal protection of laws." U.S. CONST. amend. XIV, § 1. Traditionally, the Equal Protection Clause is understood as protecting members of vulnerable groups from unequal treatment attributable to the state. *See Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). But it also proscribes state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called "class-of-one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

All equal protection claims, regardless of the size of the disadvantaged class, are based on the principle that, under "like circumstances and conditions," people must be treated alike, unless there is a rational reason for treating them differently. *See Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591, 601-02 (2008) (quoting *Hayes v. Missouri,* 120 U.S. 68, 71-72 (1887)). Thus, a plaintiff states a class-of-one equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564. Because we conclude that LaBella's claim does not satisfy the first element of that inquiry, we affirm the district court's dismissal.

To be considered "similarly situated," a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects. *Reget,* 595 F.3d at 695. The "similarly situated" analysis is not a "precise formula," but we have stated repeatedly that what is "clear [is] that similarly situated individuals must be very similar in-

deed." *McDonald v. Vill. of Winnetka,* 371 F.3d 992, 1002 (7th
Cir. 2004). Whether a comparator is similarly situated
is usually a question for the fact-finder. *Id.* Here, how-
ever, dismissal at the pleading stage was appropriate
because LaBella failed to allege facts tending to show that
it was similarly situated to any of the comparators.
*See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th
Cir. 2005) (affirming dismissal of class-of-one equal
protection claim where complaint failed to identify simi-
larly situated individuals). Rather, the pleadings show
that LaBella and the Friends of Doug restaurants were
different in certain material respects.

We begin with the allegations regarding O'Neil's Restau-
rant. The amended complaint alleges that LaBella needed
to undergo repairs for "major [fire] damage to the roof,"
while O'Neil's Restaurant underwent unspecified renova-
tions. There is no allegation that the renovations to
O'Neil's Restaurant were comparable to the replacement
of a fire-damaged roof. The extent of the work to be
done behind a partition certainly is material to the deter-
mination of whether such a partition is feasible. Therefore,
LaBella failed to allege that it was similarly situated to
O'Neil's Restaurant.

With respect to Corner Cooks and Jerry's Restaurant,
the pleadings demonstrate that neither of those restau-
rants was prima facie identical to LaBella in all material
respects.[2] The amended complaint alleges that Corner

---

[2] For purposes of a Rule 12(b)(6) motion, the pleadings
include the complaint, any exhibits attached thereto, and the
(continued...)

Cooks and LaBella faced "the same risks" after the fire because the two were located immediately adjacent to one another on the same floor of the same building. That allegation may have been sufficient to survive a motion to dismiss. However, in its briefing here and before the district court, LaBella made clear that the roof over the building housing Corner Cooks and portions of LaBella was *not* damaged by the fire. The only damage was to the roof over LaBella's main dining room, which was located in an addition to the building that La Bella and Corner Cooks shared, and was "under an entirely different roof." Because LaBella concedes that there is a key difference between itself and Corner Cooks and Jerry's Restaurant—namely, that a portion of LaBella's roof, and only LaBella's roof, incurred major fire damage—it failed to adequately allege the existence of a similarly situated restaurant.

Perhaps it would have been a better policy for the Village to allow LaBella to remain open in the undamaged portions of its restaurant, thereby possibly protecting it from going out of business. On the other hand, perhaps the more cautious approach taken here was more advisable. In any event, the equal protection clause has no application where a "plaintiff is asking for a revision of policy rather than for a restoration of equality." *Ind. State Teachers Ass'n v. Bd. of School Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1182 (7th Cir.

---

(...continued)
supporting briefs. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

1996). Because LaBella has failed to plead facts suggesting that it was treated differently from similarly situated restaurants, it has failed to make out a prima facie case of denial of equal protection.

## B. Substantive Due Process Claim

LaBella's second claim alleged that defendants deprived it of its property interests in its lease and its restaurant business, thereby violating its right to substantive due process. Substantive due process challenges involving only the deprivation of a property interest are cognizable where the plaintiff shows "either the inadequacy of state law remedies or an independent constitutional violation." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003).

In light of our conclusion that LaBella failed to state a class-of-one claim, it has no independent constitutional violation on which to base its substantive due process claim. In its reply brief, LaBella argues that its amended complaint sufficiently alleged that its state law remedies are inadequate. However, LaBella did not raise this ground in its opening brief, despite the fact that the district court based its dismissal of Count II in part on its determination that LaBella had not properly alleged a lack of adequate state law remedies. Consequently, LaBella has waived the issue. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996) (plaintiff waived adequacy of state law remedies point where her opening brief on appeal contained "no substantive discussion of [the] requirement," and she did "not take issue with the district court's determination that she has not alleged—

and cannot allege—that the remedies provided by the state of Illinois are inadequate").

Our finding of waiver is buttressed by the fact that LaBella also failed to argue that the state law remedies are inadequate in opposing defendants' motion to dismiss in the district court. *See Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010) (arguments raised for the first time on appeal are waived). That omission is particularly glaring because the district court had dismissed the substantive due process claim in LaBella's original complaint on the ground that it did not plead the inadequacy of state law remedies, and defendants' motion to dismiss argued that the amended complaint suffered from the same defect. Moreover, LaBella did not address the alleged inadequacy of state law remedies with respect to Count II in its Rule 59(e) motion.

Even assuming LaBella had preserved the issue, we nevertheless would affirm the dismissal of its substantive due process claim. The amended complaint alleges only that "LaBella has no adequate state law remedy available to it to address this unlawful conduct by the Village and Williams." We have held that "such a conclusory allegation is insufficient." *Doherty*, 75 F.3d at 324.

## C.  Procedural Due Process Claim

The amended complaint also sets forth a procedural due process claim based on defendants' failure to send

LaBella the annual liquor license renewal form, and defendants' alleged cancellation of LaBella's liquor license. To state a Fourteenth Amendment claim for the deprivation of a property interest without due process, a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law. *Moss v. Martin*, 473 F.3d 694 (7th Cir. 2007). There is no question that LaBella had a constitutionally protected property interest in its liquor license. *See Reed v. Vill. of Shorewood*, 704 F. 2d 943, 948 (7th Cir. 1983). The parties dispute only the second and third elements, both of which, the district court found, LaBella failed to properly allege.

To the extent that LaBella bases its claim on defendants' failure to mail it the license renewal forms, we agree with the district court that the procedural due process claim fails. That defendants did not send the renewal forms to LaBella did not deprive LaBella of its property interest in its liquor license. Indeed, defendants' failure to extend that courtesy to LaBella had no impact on the value of its license or its business. *Id.* at 949 (recognizing that a defendant can deprive a plaintiff of its property right in a license without actually revoking it if defendant's actions destroy the value of the plaintiff's licensed business forcing plaintiff to give up the license). And there is no allegation that defendants prevented LaBella from obtaining or submitting renewal forms, which are available on the

Village's website.[3] In sum, the mere failure to send renewal forms did not effect a deprivation of constitutional magnitude.

Apart from the renewal form allegations, LaBella also alleged that defendants "cancelled" its liquor license "without cause, notice or a hearing." LaBella contends that that allegation—which the district court appears to have overlooked or read in conjunction with the renewal form allegations—is sufficient to allege a deprivation of its property interest in its liquor license. We disagree. The amended complaint contains no allegations regarding when or how defendants revoked the license. As such, it does not contain sufficient facts to put defendants on notice of the basis for LaBella's procedural due process claim. Therefore, LaBella failed to satisfy even the lenient notice-pleading requirement of Federal Rule of Civil Procedure 8(a). *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

LaBella's procedural due process claim fails for the additional reason that the amended complaint does not properly allege that LaBella was denied the process

---

[3] Available at http://www.villageofwinnetka.org/pdf/forms/ administrations/Liquor%20License%20Renewal%20Application. pdf (last visited Dec. 15, 2010). We may take judicial notice of the contents of the Village's website. *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002).

it was due. The district court found—and LaBella does not dispute—that the complained-of actions were "random and unauthorized acts." Therefore, under *Parratt v. Taylor,* 451 U.S. 527 (1981), *Hudson v. Palmer,* 468 U.S. 517 (1984), and their progeny, LaBella was entitled only to a meaningful post-deprivation remedy. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 872 (7th Cir. 2009). LaBella alleges neither that it availed itself of state post-deprivation remedies, nor that the available remedies are inadequate, as it is required to do. *Leavell v. Illinois Dep't of Natural Res.,* 600 F.3d 798, 805-06 (7th Cir. 2010). That failure is fatal to its procedural due process claim. *Doherty*, 75 F.3d at 323-24.

Furthermore, LaBella did not address the adequacy of Illinois state law remedies in the district court, raising it for the first time in its opening brief on appeal. Therefore, it waived the point. *Everroad*, 604 F.3d at 480.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of LaBella's federal claims and its dismissal of the supplemental state law claim without prejudice. *See Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").