**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011[*]
Decided March 11, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3027

| | |
|---|---|
| LEONARD BRADY, | Appeal from the United States District |
|    *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 5916 |
| JESSE GONZALEZ & ROBERT D. JONES, | William T. Hart, |
|    *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Leonard Brady filed a pro se complaint under 42 U.S.C. § 1983 claiming that two Gurnee, Illinois, police officers violated his constitutional rights while investigating allegations that he had sexually assaulted his daughter. The district court dismissed the complaint for failure to state a claim and Brady appeals. We affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

We accept as true the facts alleged in Brady's amended complaint. See *LaBella Winnetka, Inc, v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010). At 9:15 a.m. on Thursday, September 4, 2008, detective Jesse Gonzalez and another Gurnee police officer arrested Brady without a warrant on suspicion of sexual assault based on a statement given by Brady's teenage daughter. Brady asked his wife to place his two cell phones in his pocket so he could call his attorney from the police station; she did so, slipping them into his pocket after he had already been handcuffed. Upon arrival at the police station, both cell phones were confiscated. Though he repeatedly asked for the cell phones to call his attorney, he was not allowed to call his attorney until 3:00 a.m. on Saturday, September 6 (almost 41 hours after his arrest) and was not taken before a judge for a bond hearing until 9:00 a.m that day (nearly 48 hours after his arrest). Brady's complaint also alleges that his cell phones were searched both before and after Gurnee police secured a warrant to do so on September 18, 2008.

The district court granted the officers' motion to dismiss the complaint for failure to state a claim. The court construed Brady's complaint (and his response to the motion to dismiss) as alleging four claims: 1) false arrest because he was taken into custody without a warrant, 2) unlawful detention because he was held without charges for nearly two days before receiving a probable cause hearing, 3) unlawful search because his cell phones were searched before a warrant was secured to do so two weeks later, and 4) denial of timely access to his attorney. Regarding the first claim, the district court agreed that Brady's complaint failed to state a claim for false arrest because he did not allege that Gonzalez lacked probable cause to arrest him. Regarding the second claim, the court concluded that the near-48 hour delay was not an unlawful detention because Brady received a probable cause hearing within 48 hours of his warrantless arrest and did not allude to anything to rebut the presumption that the delay was reasonable. Next, the court concluded that a warrant to search Brady's cell phones was unnecessary because the search was justified as an inventory search incident to Brady's arrest. Finally, the court concluded that Brady had not stated a Sixth Amendment claim regarding the denial of access to his attorney. To avoid a bar to the claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), the court reasoned, Brady would have to confine his argument to an allegation that he would have been released sooner but for his lack of timely attorney contact—and such a claim would be implausible in light of Brady's remaining in custody on then-pending sexual assault charges.

On appeal Brady does not identify any errors made by the district court or develop any arguments supported by citations to applicable legal authority. See FED. R. APP. P. 28(a)(9); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Rather, his brief consists of attachments from his state criminal case that were not filed in the district court (and which appear to post-date the filing of this

appeal), a renewed request for the appointment of counsel, a request that the court take note of an alleged state-court psychological evaluation, and various factual representations.

In any event, his appeal cannot succeed. Brady's complaint seeks damages, but in order to recover damages under § 1983, he must allege that the defendants were "personally responsible" for the alleged deprivations of his constitutional rights. See *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006); *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Brady's complaint fails to allege the personal involvement of the defendants on virtually all of the claims identified by the district court. None of Brady's claims personally implicates defendant Jones, the Gurnee police chief. And although one claim—that of false arrest—directly implicates defendant Gonzalez, the district court correctly dismissed this claim because Brady could not plausibly plead that his detention was unconstitutional without an allegation that the arresting officers lacked probable cause to arrest him. See *Sow v. Fortville Police Dep't*, No. 10-2188, 2011 WL 477050, at *6 (7th Cir. Feb. 11, 2011); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 900 n.9 (7th Cir. 2001); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Accordingly, we AFFIRM the district's court judgment. The district court told Brady that he incurred a "strike" under 28 U.S.C. § 1915(g) for filing a complaint that failed to state a claim. He has now incurred a second strike for filing this appeal. See *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).