**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011[*]
Decided May 19, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3881

| | |
|---|---|
| MARY KAY BADEN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 C 3015 |
| CITY OF WHEATON and THOMAS MELONI, | |
| *Defendants-Appellees.* | David H. Coar, *Judge.* |

**O R D E R**

Mary Kay Baden sued the City of Wheaton, Illinois, and its deputy chief of police, Thomas Meloni, under 42 U.S.C. § 1983, claiming that Meloni and the police department violated a number of her constitutional rights. The district court granted the defendants' motion to dismiss, and we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Baden's amended complaint, the allegations of which at this stage we must accept as true, *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010), the Wheaton Police Department has been unresponsive to her complaints to the department. After a dispute with a neighbor in 2002 over several harassing phone calls, Baden repeatedly asked the police—without success—to press charges and to give her a copy of her neighbor's criminal record. Another run-in that Baden had with her neighbor in 2004 led to her state conviction for disorderly conduct. At that point, Baden alleges further, the police began a pattern of harassment and intimidation. In 2007 they went to her house twice: the first time, an officer blocked her driveway with his car, followed her down the block, and threatened to arrest her; the second time, an officer stood on Baden's front porch holding documents. More intimidation allegedly occurred the next year: a man whom Baden believed to be a plainclothes police officer sat by her in the waiting room at her doctor's office, watched her, and eventually followed her to the parking lot.

In May 2009 Baden sued the defendants, claiming, as relevant here, that they violated her rights to confrontation, due process, equal protection, and court access by declining to press charges against her neighbor, refusing to furnish a copy of her neighbor's criminal record, and harassing her after her conviction. She later amended her complaint to allege a subsequent instance of supposed intimidation when a police car momentarily parked in front of her house and then drove around the block three times.

The district court dismissed Baden's complaint, determining that most of her allegations took place outside the two-year statute of limitations for § 1983 claims arising in Illinois. As for her allegations that were not time-barred, the court concluded that these failed to state a claim. The court also denied Baden's subsequent motion under Federal Rule of Civil Procedure 59(e) to amend the judgment.

On appeal Baden argues that the defendants are equitably estopped from raising the statute of limitations as a defense. But this contention is meritless because she has not shown that the defendants did anything to prevent her from bringing this suit earlier. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 (7th Cir. 2009); *Smith v. Potter*, 445 F.3d 1000, 1010 (7th Cir. 2006). Thus, we agree with the district court that the majority of events in Baden's complaint precede 2007 and are beyond the statute of limitations for § 1983 claims arising in Illinois. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008).

Baden next asserts that even her timely allegations of police harassment sufficiently state a claim for discriminatory treatment in violation of her right to equal protection, and that the police engaged in this harassment to impede her access to the court. But these incidents do not plausibly state any constitutional violation. Her allegations amount to mere speculation that the police treated her differently from anyone else and fall short of stating a

plausible claim for a class-of-one equal protection violation. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000); *LaBella,* 628 F.3d at 941-42; *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005); *Hedrich v. Bd. of Regents of the Univ. of Wis. Sys.*, 274 F.3d 1174, 1183 (7th Cir. 2001). Nor has Baden adequately alleged a claim that the defendants interfered in any way with her ability to file this suit. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004); *Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Accordingly, we AFFIRM the judgment.