NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2590

| | |
|---|---|
| SUSAN BILKA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 11-C-430 |
| | |
| CATHERINE J. FARREY, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Susan Bilka, while working in food services for the New Lisbon Correctional
Institution, befriended an inmate, Mackenzie Burse. She began smuggling him contraband,
including cocaine, marijuana, and alcohol. The prison discovered Bilka's misconduct, and
she resigned from her position. She pleaded guilty to delivering illegal articles to an inmate,

---

[*] The defendants were not served with process in the district court and are not
participating in this appeal. After examining the appellant's brief and the record, we have
concluded that oral argument is unnecessary. Thus, the appeal is submitted on the
appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

*see* WIS. STAT. § 302.095(2), and she was sentenced to 45 days in jail followed by probation. Once Bilka's probation ended, she asked the prison to place her on Burse's visitor list. The prison denied her request and explained that she posed a threat to the safety and security of the facility. *See* WIS. ADMIN. CODE DOC § 309.08(4)(d). Bilka continued to apply for visitation with Burse, but the prison "refused to process" her requests for two years before informing her once more that, as a security threat, she could not visit Burse.

Bilka sued several prison administrators under 42 U.S.C. § 1983, asserting that they had violated her rights to equal protection (under a "class of one" theory) and intimate association by refusing to place her on Burse's visitor list. The district court dismissed her complaint for failure to state a claim. Bilka had no constitutional right to visit Burse in prison, the court reasoned, and in any event the prison's decision to deny visitation was rationally related to the legitimate penological interest of security. The court also denied Bilka's subsequent motion for reconsideration under Federal Rule of Civil Procedure 59(e).

On appeal Bilka maintains her equal protection claim, contending that prison staff denied her requests to visit Burse "out of spite" for her misconduct, thereby treating her "differently from all other persons" barred from visiting prisoners. Under prison regulations, the prison may bar any person with a state conviction from visiting a prisoner. *See* WIS. ADMIN. CODE DOC §§ 309.08(4)(d), 309.12(4). So by relying on this regulation to bar Bilka from visiting Burse, the prison is treating her like all similarly situated state offenders. Even if Bilka believes that prison administrators are enforcing the regulation against her "out of spite," she has not alleged that the prison *allows* other state offenders who have secreted contraband to inmates to continue to visit those inmates. Absent such an assertion, she has no class-of-one claim for an equal protection violation. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941–42 (7th Cir. 2010); *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

Bilka also argues that prison officials violated her right to intimate association by denying her requests to visit Burse. Freedom of intimate association protects the right "to enter into and maintain certain intimate human relationships." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984). But we have not recognized that this right extends to someone who wants to visit a non-relative in prison. *Arsberry v. Illinois*, 244 F.3d 558, 565 (7th Cir. 2001); *Froehlich v. Wis. Dep't of Corr.*, 196 F.3d 800, 801–02 (7th Cir. 1999); *Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989). And even if Bilka had such a right, it could be reasonably restricted to serve the legitimate penological concerns of the prison, just as administrators may restrict other constitutional rights in the prison context. *See Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987). The prison has a legitimate interest in maintaining security, and prohibiting contact between prisoners and former employees who have smuggled contraband to those prisoners rationally furthers that interest.

*See Montgomery v. Stafaniak*, 410 F.3d 933, 937 (7th Cir. 2005); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 96 (1st Cir. 2009); *Akers v. McGinnis*, 352 F.3d 1030, 1039–40 (6th Cir. 2003). Moreover, Bilka and Burse can maintain their relationship through contact other than visitation. *See Overton v. Bazzetta*, 539 U.S. 126, 135 (2003). Affording, as we must, substantial deference to the prison's professional judgment, *id.* at 132, we conclude that Bilka's allegations do not state any constitutional violation.

AFFIRMED.