NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012[*]
Decided February 2, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3017

| | |
|---|---|
| STEVEN J. WHITE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CITY OF WAUKEGAN, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 10 C 6454<br><br>Charles P. Kocoras<br>*Judge.* |

**O R D E R**

Steven White brought an action under 28 U.S.C. § 1983 against the City of Waukegan and several employees of the city's building department, alleging that they violated his right to equal protection by deliberately refusing to restore utilities to his leased apartment before he obtained a building permit. The court dismissed the complaint for failing to state a claim. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

White's pleadings are difficult to follow (he concedes that they are "not strictly chronological"), but we liberally construe them, s*ee Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), and accept his factual allegations as true, *see Joren v. Napolitano*, 633 F.3d 1144, 1145 (7th Cir. 2011). White lived in a duplex owned by David Lopez under a "lease-option"—presumably a lease with an option to purchase. After a fire occurred in the adjoining unit in June 2007, a warrantless search of the property was conducted by "Departments other than the Fire Department."

According to White, once the defendants learned of his interest in the duplex, they exploited their powers as building-department employees to harass him, in retaliation for his writings criticizing the Waukegan government, including one letter published in the local newspaper as an op-ed. The defendants condemned the building, cutting off utilities and barricading the doors, even though the fire allegedly did only "cosmetic" damage. They also refused to restore the utilities until he applied for a building permit; for four months he requested an appointments with them to discuss how to obtain a permit, but they would not meet with him. The defendants also filed false reports regarding the property, describing it as vacant, despite it being occupied by White (who had resumed living in the duplex despite its condemnation and lack of utilities). One defendant also posted on the duplex "bright warning placards inviting vandalism, crime and waste." On or shortly before October 16, 2008, Lopez reoccupied the duplex "pursuant to a bankruptcy petition" (apparently ousting White) and had the utilities restored—presumably with the building department's approval—even though Lopez did not obtain a building permit until the following year.

On October 8, 2010, White filed this suit, claiming that the building-department employees conspired to and did violate his equal-protection rights by giving favorable treatment to Lopez. He further alleged that the City was liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the constitutional deprivations carried out by those employees.

The district court construed White's complaint as alleging a "class-of-one" equal-protection violation and dismissed it for failing to state a claim. According to the court, White failed to allege (1) that the defendants' discrimination was intentional, (2) that he was "substantially similar" to Lopez, and (3) that the defendants lacked a rational basis for treating the two men differently. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). The court also dismissed White's warrantless search and due-process claims as untimely, because they were based on events that occurred before the two-year statute of limitations (the effective date of the alleged warrantless search occurred on June 28th, 2007, and the purported due-process denial shortly thereafter, but White did not sue until

October 2010). *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). The court finally dismissed the conspiracy and *Monell* claims because White had not alleged an underlying constitutional violation.

On appeal White argues that the district court erred in finding that he failed to allege intentional discrimination. We agree with him that this issue may be closer than acknowledged by the district court. White's complaint alleged that Waukegan's building department began a "pattern of harassment" in retaliation for his public criticism of the city—inappropriately condemning his home, refusing to meet with him to discuss how he could have his utilities restored, filing false reports about the property, and "encouraging" others to damage the property. These allegations plausibly allege that the defendants' discrimination was deliberate. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Hanes v. Zurick*, 578 F.3d 491, 492, 494 (7th Cir. 2009) (allegation that defendants discriminated against plaintiff because they "hate" him and "do not respect him" sufficiently stated a class-of-one claim).

But even if White believes that he has been subjected to illegitimate animus, he has not alleged that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564, *quoted in Hines*, 578 F.3d at 494. "Similarly situated" means "identical or directly comparable in all material respects." *Labella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir 2010). White suggests that Lopez was similarly situated, but in his own words Lopez was the "titleholder" to the duplex, and he only a lessee. Their interests in obtaining a building permit and restoring utilities are therefore materially different, and the court properly concluded that the two men were not substantially similar. White therefore cannot state a class-of-one claim on this ground.

White also appeals the district court's application of the statute of limitations to his warrantless search and due-process claims. But he does not challenge the finding that the claims were untimely, and we see nothing in his pleadings to suggest that this finding was in error.

AFFIRMED.