NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided July 23, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1238

| | |
|---|---|
| STEPHANIE A. GRAY-BROCK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-1045 |
| ILLINOIS AMERICAN WATER COMPANY, et al., *Defendants-Appellees*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Stephanie Gray-Brock, a 53-year-old African American, was fired from her temporary job at Illinois American Water, a private utility company, four days after calling the company's ethic's hotline to complain that management had discriminated against an African-American coworker who is over 50. Brock (the name she uses in her brief) sued the company and four supervisors claiming retaliatory discharge in violation

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(1), 2000e-3(a), and the Age Discrimination in Employment Act, *see* 29 U.S.C. § 623(a). She later sought to amend her complaint to add a retaliation claim under 42 U.S.C. § 1981. The district court granted the defendants' motion to dismiss the statutory claims as untimely, and also denied Brock leave to amend. We agree with the court's handling of Brock's claims under Title VII and the ADEA, and also conclude that Brock waived objection to the court's refusal to allow her to add a § 1981 claim. Accordingly, we affirm the judgment.

Because the suit was dismissed on the complaint, we accept as true the facts alleged by Brock. *See Kristofek v. Vill. of Orland Hills*, 712 F.3d 979, 982 (7th Cir. 2013). Brock worked as a clerk at Illinois American Water for three months in the spring of 2012. She was hired as a temporary employee to contact customers and schedule meter replacements. Within the first month, Brock was telling supervisors that her coworker (who apparently did not protest herself) was receiving unfavorable work assignments and hours. Brock did not complain about her own assignments or hours. Brock's performance was rated as "excellent" in her 30-day review, but less than three weeks later she was told that her services no longer were needed. This was four days after she had called the ethics hotline.

Brock filed an administrative charge with the Illinois Department of Human Rights alleging that she was fired in retaliation for calling the hotline. That charge automatically was cross-filed with the Equal Employment Opportunity Commission.[1] Brock then applied for unemployment benefits but was turned down because Illinois American Water had reported that she quit voluntarily. This denial of benefits prompted a second administrative charge alleging that the company had lied to the state unemployment agency in retaliation for her first charge. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (former employees alleging retaliatory postemployment actions protected by Title VII).

Brock then hired an attorney who, without permission, withdrew the second administrative charge thinking it was duplicative of the first. On the withdrawal form the lawyer included the number assigned by the EEOC to Brock's *first* administrative

---

[1] The IDHR automatically cross-files with the EEOC a charge that alleges employment discrimination prohibited by federal law. *Complaint Process: Federal Agencies and Courts*, ILLINOIS DEPARTMENT OF HUMAN RIGHTS, http://www2.illinois.gov/dhr/ filingacharge/pages/federal_agencies_and_courts.aspx (last visited June 18, 2015).

charge, but both the IDHR and EEOC sent confirmation that the second charge had been withdrawn, just as counsel asked. The IDHR proceeded to investigate, but could not substantiate, Brock's first charge, and eventually that charge was dismissed. The EEOC then mailed a right-to-sue letter to Brock and her attorney. Brock did not receive her copy directly but delivery to her attorney constituted constructive receipt. *See Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005). Yet counsel did not file a federal complaint within the allotted 90 days after receiving the EEOC's letter, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e), so Brock fired the lawyer and complained to the attorney disciplinary commission.

By the time Brock filed this action, five months had passed since counsel had received notice of her right to sue. The defendants moved to dismiss, arguing that Brock had failed to exhaust the administrative complaint she withdrew and missed the statute of limitations for the charge underlying the EEOC's right-to-sue letter. Brock countered that the statute of limitations should have been equitably tolled by her lawyer's negligence in missing the deadline, and that the lawyer's withdrawal of her second charge should be overlooked because counsel wrote the wrong case number on the form and, what's more, acted without her consent. Brock also moved to amend her complaint, in part to add a claim under § 1981, but also to alert the district court that the EEOC recently had sent her a right-to-sue notice on the administrative charge that had been withdrawn.

The district court agreed with the defendants that Brock's suit was untimely as to her initial, exhausted administrative charge. And though Brock somehow had received a right-to-sue letter on her second charge, the court continued, she cannot proceed on that basis because that administrative charge had been withdrawn. The court further denied Brock's motion to amend with the explanation that "further amendment would be futile" given that "this action is untimely."

Brock moved for reconsideration, arguing that the judgment should be set aside because she had not personally received the right-to-sue letter on her first administrative charge and only recently had obtained more evidence of her attorney's negligence. In her motion and memorandum, totaling over 50 pages, Brock did not assert that the district court had overlooked her request to add a claim under § 1981. The defendants opposed the motion on the ground that Brock had received constructive notice of the right-to-sue letter when her attorney received a copy and that her attorney's negligence does not warrant equitable tolling. The district court agreed with the defendants and denied the motion.

On appeal Brock insists that her statutory claims are timely because she never received the EEOC's letter. But Brock concedes that her attorney received the letter, and that's enough to trigger the statute of limitations. *See Reschny*, 414 F.3d at 823; *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Brock did not file her federal complaint until five months after her attorney received notice of her right to sue, well beyond the 90-day limit for Title VII claims. *See* 42 U.S.C. § 2000e-5(f)(1). And that deadline applies equally to Brock's ADEA claim. *See* 29 U.S.C. § 626(e); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999).

Still, Brock maintains that her suit is timely because she eventually received a right-to-sue letter on the second charge. But Brock's attorney withdrew that charge. *See* 29 C.F.R. § 1601.10. The IDHR issued an "Order of Closure" stating that the charge had been closed pursuant to the withdrawal and that "this action also terminates" the EEOC's "processing of this charge." The EEOC mailed Brock a letter in which it stated that the "Commission has confirmed and accepted the withdrawal" and closed the charge. As the district court acknowledged, the EEOC inexplicably sent Brock a right-to-sue letter three months after confirming that the second charge had been closed. But there is no evidence in the record that the EEOC had ever attempted to investigate that charge, as the agency would do *before* issuing a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(b); *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1649 (2015). Brock's remedy for her attorney's purported negligence is a malpractice action, not a judicial ruling dispensing with the exhaustion requirement of Title VII and the ADEA. *See Sheikh v. Grant Reg'l Health Ctr.*, 769 F.3d 549, 552 (7th Cir. 2014); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011).

Brock also argues that the district court erred by overlooking her proposed § 1981 claim when the court denied leave to further amend her complaint. Brock might have been able to proceed under that provision because § 1981 has a four-year statute of limitations and does not require exhaustion. *See Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012). But after the district court had granted the defendants' motion for summary judgment and denied Brock leave to amend, she filed a lengthy submission seeking reconsideration. That submission covers much ground but says nothing about the proposed § 1981 claim being overlooked, and this failure by Brock to alert the district court to the oversight and ask for relief resulted in waiver. *See LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005); *Denius v. Dunlap*, 209 F.3d 944, 958–59 (7th Cir. 2000); *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370–71 (7th Cir. 1991).

Lastly, Brock filed a motion with this court requesting sanctions against the defendants' attorneys primarily because, according to Brock, they did not clear up the confusion relating to the charge numbers. Aside from this contention being meritless, our authority to impose sanctions is limited to misconduct on appeal, *see* FED. R. APP. P. 38; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990), and Brock has identified none.

We have considered Brock's remaining arguments and none has merit.

AFFIRMED.