NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3882

| | |
|---|---|
| MAURICE PENNINGTON, SR., a/k/a DEMETRIOUS P. MOORE, and MAURICE PENNINGTON, JR., <br>     *Plaintiffs-Appellants,* <br><br> *v.* <br><br> PATRICIA GOLONKA, et al. <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 C 2152 <br><br> Joan B. Gottschall, <br> *Judge.* |

---

[*]The defendants were not served with process in the district court, but have filed briefs in this appeal. After examining the submitted briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c). Furthermore, although Maurice Pennington, Sr., signed the notice of appeal and brief for himself and, purportedly, for his son, as a non-lawyer he has no authority to appear as his son's legal representative. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Accordingly, we dismiss the appeal of Pennington, Jr.

**O R D E R**

Maurice Pennington, Sr., alleges that the Illinois Sex Offender Registration Act violates the Constitution by imposing a $10 annual fee for sex-offender registration. He named Officers Golonka and Meaders of the Chicago Police Department and Illinois Attorney General Lisa Madigan as defendants. The district court screened the case (Pennington proceeded *in forma pauperis*) and subsequently dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Pennington appeals, and at this stage we accept as true the following facts in his complaint. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

In 2009 Pennington went to a Chicago police station to register as a sex offender, where Officer Meaders informed him that registration carried a $10 fee. *See* 730 ILL. COMP. STAT. 150/3. Pennington told Meaders that he was indigent and refused to pay. The following year, Pennington again asked to register without paying the fee and was denied, this time by Officer Golonka. From these acts Pennington concludes that he has been denied equal protection and that the Registration Act violates the Bill of Attainder Clause.

On appeal, he has abandoned his claims against Attorney General Madigan by failing to argue that she was personally or officially involved in administering the Registration Act. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Palmer v. Marion Cnty.*, 327 F.3d 588, 593–94 (7th Cir. 2003). In fact, the process is administered by the Illinois Department of State Police, not the Illinois Attorney General. *See* 730 ILL. COMP. STAT. 150/3.

Pennington first insists that the Registration Act violates the Bill of Attainder Clause. *See* U.S. CONST. art. I, § 9, cl. 3. His argument is meritless. A law violates this clause only if it establishes a person's guilt legislatively. *See Nixon v. Administrator of General Servs.*, 433 U.S. 425 (1977); *United States v. Hook*, 471 F.3d 766, 776 (7th Cir. 2006). But here, implementation of the law is left to the executive branch, 730 ILL. COMP. STAT. 150/3, and the judiciary determines whether it has been breached, *id.* at 150/10, so the Bill of Attainder Clause is not violated. *See Global Relief Foundation, Inc. v. O'Neil*, 315 F.3d 748, 755 (7th Cir. 2002).

Pennington next contends that the two officers who asked him to register violated his equal-protection rights "as a poor person" by refusing to waive the registration fee. Under state law they are allowed (but not required) to waive the fee for indigent sex offenders. *See* 730 ILL. COMP. STAT. 150/3(c)(6). But his equal-protection claim goes nowhere unless the officers refused to waive the fee because of his membership in a suspect class, or waived the fee for others who were similarly situated. *See Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 601 n.1 (7th Cir. 2009). Poverty, the classification Pennington identifies, is not a suspect class, *see Harris v. McRae*, 448 U.S. 297, 322 (1980), and Pennington

does not allege that the officers waived the registration fee for anyone else, let alone someone who was similar to him.

Finally, Pennington's due-process claim is insufficiently developed with citation to the record or legal authority to permit meaningful review. *See* FED. R. APP. P. 28(a)(9); *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011). Pennington's remaining arguments—that the registration fee constitutes enslavement and that it violates the privileges-and-immunities clause—are rejected as frivolous.

**AFFIRMED**.