NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018[*]
Decided March 21, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2698

| | |
|---|---|
| ELRON CATHEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 17 C 0100 |
| ROBERT GARCIA, et al., | |
| *Defendants-Appellees.* | Elaine E. Bucklo, |
| | *Judge.* |

## O R D E R

Chicago police officers arrested Elron Cathey as a suspect in the shooting of Maurice Sterling. At trial Cathey was found guilty of aggravated battery with a firearm, and he is currently serving a prison sentence for that conviction. He now sues the officers who arrested him for violations of the Fourth and Fifth Amendments, alleging

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

that they arrested him without probable cause and detained him on fabricated charges in violation of his due-process rights. Cathey also sues an unknown Assistant State's Attorney for filing the fabricated charge, and the Chicago Police Department, Cook County, and the Cook County State's Attorney's Office for perpetuating policies that led to violations of his constitutional rights. The district court dismissed his complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915A. Because Cathey has not stated a plausible claim for relief, we affirm.

Section 1915A requires the court to screen and dismiss a prisoner's complaint if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See id.* § 1915A(b)(1). To survive screening, the complaint must be plausible on its face and contain sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Cathey filed his complaint without the assistance of counsel, so we construe his filing liberally. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Cathey's false-arrest claim arises from a police report showing that on June 15, 2004,[1] officers investigating the shooting submitted the clothing of two suspects (including Cathey's blood-stained shirt) for forensic testing. The forensic report—which found that Cathey had discharged a firearm—was not completed until June 25. Cathey was arrested on June 9, a few days before the officers submitted the clothing for testing and weeks before they received the results. He thus alleges that the officers must not have had probable cause to arrest him on June 9 because they had no evidence that he was the shooter other than accusations from the second suspect. He suggests that the officers arrested him because he would not assist them in their criminal scheme with the Latin Kings street gang and detained him without cause until they could collect (or possibly fabricate) evidence against him.

Cathey's allegations do not add up to a plausible false-arrest claim because his complaint and the documents it incorporates show that officers had probable cause to

---

[1] The events underlying Cathey's complaint are more than a decade old. Cathey anticipates the statute-of-limitations defense by invoking the discovery rule and the doctrine of equitable tolling, but we need not wade into those arguments. Although this might have been one of the limited circumstances in which a district court can dismiss a complaint based on an affirmative defense, *see, e.g.*, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), that was not the basis for the dismissal in this case.

arrest him. Probable cause, which is an absolute defense to a false-arrest claim, exists if "the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee" had committed a crime. *See Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013). In his pleadings Cathey states that he was at the scene of the crime, his shirt was stained with blood, and an eyewitness (albeit a suspect himself) identified him as the shooter. It would be reasonable for any officer faced with these circumstances to believe that Cathey had committed a crime. *See Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006); *Anderer v. Jones*, 385 F.3d 1043, 1050 (7th Cir. 2004). Even if the officers harbored ulterior motives when they arrested Cathey, as he alleges, Cathey's claim still fails because the officers' subjective state of mind is irrelevant. *See Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012). We recognize that the officers were not certain at the time of Cathey's arrest which suspect had discharged the weapon. But probable cause does not require certainty, *see Abbott*, 705 F.3d at 714, and the officers were not required to complete forensic testing before the arrest when probable cause already was established, *Burritt v. Ditlefsen*, 807 F.3d 239, 250–51 (7th Cir. 2015).

Cathey's claim for what he calls "fabrication of charges" does not fare any better. Cathey points to a court record showing that although he was arrested for shooting a civilian, prosecutors initially charged him with battery against a police officer. From this he infers that the arresting officers and the prosecutor who filed the charge must have purposefully detained him on a phony charge in violation of his due-process rights while they gathered evidence on the shooting. *See Saunders-El v. Rohde*, 778 F.3d 556, 559–60 (7th Cir. 2015) (explaining that allegations of evidence fabrication can support a due-process claim under § 1983, separate from a state-law claim of malicious prosecution). But the arrest reports identify Maurice Sterling, a civilian, as the victim of the shooting; they do not mention any crimes against a police officer. And the very record on which Cathey bases his claim shows that although he initially was charged with battery of an officer, the charge was dismissed and corrected a few days later to reflect the correct offense of aggravated battery with a firearm against a *civilian*. Cathey says even he did not know that he had been charged with battery of an officer until he requested his police records in 2015. He provides no basis for suggesting that enmity rather than error led to the incorrect charge. And, in any event, the quickly dismissed charge worked no prejudice; nor does it give rise to a plausible claim that the officers violated Cathey's due-process rights.

Cathey's complaint is not entirely clear, but to the extent he suggests that his conviction for aggravated battery of Maurice Sterling is invalid because the officers or

prosecutors falsely arrested him, charged him with a "fabricated" crime, or even fabricated evidence in his case, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (explaining that *Heck* bars "allegations that are inconsistent with the conviction's having been valid," even if plaintiff "disclaims any intention of challenging his conviction").

As for Cathey's claims against the nonindividual defendants, dismissal was proper. His claim against the City of Chicago and the police department (which is not a separate entity) depend on his allegations that a de facto policy, "the thin blue line of silence," facilitated the arresting officers' violations of his rights. His theory of why the State's Attorney's Office and Cook County are responsible for the "false" aggravated battery charge is less clear; he asserts that these defendants, as employers of the prosecutor who charged him, "are liable for the actions of misconduct undertaken under the color of law." But local governments may not be held liable for constitutional violations under a theory of respondeat superior, and a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), cannot succeed without the plaintiff having first suffered a constitutional deprivation, *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). Cathey, as we have explained, did not plead a plausible claim that any individual defendant violated his constitutional rights, so he has not stated a valid *Monell* claim. *See Palka v. Shelton*, 623 F.3d 447, 455 (7th Cir. 2010).

We have considered Cathey's remaining arguments and none merits discussion. We AFFIRM the district court's dismissal. The claims that fall within the scope of *Heck* are dismissed without prejudice.