**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2018[*]
Decided February 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1978

| | |
|---|---|
| MICHAEL STOREY, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Southern District |
| | of Illinois. |
| *v.* | |
| | No. 3:15-cv-1310-RJD |
| CITY OF ALTON, ILLINOIS, | |
| *Defendant-Appellee.* | Reona J. Daly, |
| | *Magistrate Judge*. |

**O R D E R**

Michael Storey sued the City of Alton, Illinois, under 42 U.S.C. § 1983; he claimed that the City had denied him equal protection of the laws by preventing him from subdividing his land and by selectively enforcing local ordinances against him. After both sides moved for summary judgment, the district court denied Storey's motion and granted the City's. Storey appeals.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We review de novo a district court's decision on cross-motions for summary judgment, construing all facts and drawing all reasonable inferences in favor of the party against whom the motion under consideration was filed. *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017). Here we recount the facts in the light most favorable to Storey.

Storey bought a five-acre plot of land in Alton in 1999. The next year, with plans to develop the land into a subdivision with manufactured homes, Storey submitted a plat—a diagram of the proposed subdivision—to the City. That plat was rejected in 2003 because the plans did not include a fire hydrant that could maintain water pressure of a minimum of 500 gallons per minute. Storey submitted another plat in 2008, but he withdrew it. He then submitted two preliminary plats to the City in 2013, but both were rejected after Storey failed to make numerous changes that the City required for compliance with the City Code.

In addition to thwarting the proposed subdivision, the City has cited Storey numerous times for violating local ordinances. In 2012 Storey was cited and found liable for violating city ordinances prohibiting residents from having on their property (1) high weeds and grass, (2) junk and trash, and (3) construction debris. *See City of Alton v. Storey*, No. 5-12-0473, 2013 WL 4204855 (Ill. App. Ct. Aug. 14, 2013). And in 2015 he was cited and found liable five more times because he had on his property (1) vehicles that were illegally stored in a residentially zoned area, (2) inoperable vehicles, (3) high weeds and grass, (4) trailer parts and lumber, and (5) a garage without a primary structure. Appeals under the Illinois Administrative Review Law appear to be pending in the state courts.[1]

Storey filed this lawsuit in November 2015, claiming that the City violated his right to equal protection of the laws by using "a double standard for water supply." The City, he alleged, allowed other owners to develop property without mandating the same 500-gallons-per-minute water pressure for fire hydrants. He also asserted that the City violated his right to equal protection by selectively enforcing against him the local ordinances that prohibit certain conditions to exist on properties in the City. (Storey also brought a state-law claim that the City falsified responses to FOIA requests he made to help him defend against the ordinance violations; the district court declined

---

[1] *See* MADISON COUNTY, ILLINOIS, COURT RECORDS SEARCH, http://www.co.madison.il.us/departments/circuit_clerk/court_records_search.php (last visited Dec. 14, 2017).

supplemental jurisdiction over the claim, and Storey does not mention that claim on appeal.)

A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), entered summary judgment for the City, reasoning that Storey's first claim was untimely under the two-year statute of limitations applicable to § 1983 cases arising in Illinois because Storey's most recent proposal was rejected more than two years before he filed this suit. *See Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 667 (7th Cir. 2014). Storey's second claim failed, the magistrate judge continued, because the City was "entitled to a great deal of discretion" in enforcing city ordinances and because, similarly to the plaintiff in *Hilton v. City of Wheeling*, 209 F.3d 1005 (7th Cir. 2000), Storey had not argued or shown that the citations he received from the City were baseless.

On appeal Storey insists that his equal-protection claim related to the subdivision of his land "cannot be time barred" because the City continues to deny him "the right to use his property by requiring [Storey] to meet a standard for water supply" that is not in the City's code. But Storey is incorrect because, as he recognizes by arguing that he will be able to use his land when the City approves his plat, his injury arises from the City's denial of his request to subdivide his land. His claim accrued when he knew or should have known that his constitutional right to equal protection purportedly was violated. *See Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). This occurred when the City denied approval, something which last occurred in September 2013, more than two years before he filed this suit in November 2015.

Storey's argument that the City's denials of his proposals to subdivide his land constitute a continuing violation that extends the limitations period is wide of the mark. The "continuing violation" doctrine applies only when a claim accrues because a string of events is grouped together, with the last event being timely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 115–17 (2002); *Limestone Dev. Corp. v. Vill. Of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). Lingering effects of old injuries do not count under this doctrine, *see Limestone Dev. Corp.*, 520 F.3d at 801–02, and so Storey needed to identify an injury that accrued within the limitations period. He has not done so; rather he has reiterated that the lingering effects of the City's plat denials continue to injure him today, but that is insufficient to save this claim. *See id.*

Storey next argues that the magistrate judge improperly entered summary judgment for the City on his selective-enforcement claim because the City refuses to cite

other property owners for code violations while "harassing" him with "baseless"[2] citations. The Equal Protection Clause prohibits state action that discriminates on the basis of membership in a protected class or, as relevant here, that irrationally targets an individual for discriminatory treatment as a so-called "class of one." *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010). Class-of-one discrimination occurs if the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). We have not precisely defined the contours of this kind of claim. *See Del Marcelle v. Brown Cty. Corp.,* 680 F.3d 887 (7th Cir. 2012) (en banc). But Storey's class-of-one claim fails under every approach we have considered, *see id.* at 889, 900, 917, because he provided no evidence that the City treated a *similarly situated* landowner differently from him, nor has he shown that the City lacked a rational basis for its actions. Storey points to other properties (ones he reported to the authorities), which he says had the same conditions as ones he was cited for, as examples of citations that the City should have issued but did not. But at summary judgment he had to provide some evidence that these other properties were "identical or directly comparable" to his "in all material respects." *LaBella Winnetka, Inc. v. Vill. of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010); *see McDonald v. Vill. of Winnetka,* 371 F.3d 992, 1002–03 (7th Cir. 2004). The record lacks any such evidence. Moreover, Storey "admits that he did commit certain ordinance violations and did pay fines for these violations," and his admission demonstrates that the City had a rational basis for citing him. *See Miller v. City of Monona*, 784 F.3d 1113, 1121–22 (7th Cir. 2015). And anyway, Storey has no right to insist that the City exercise its prosecutorial discretion to cite other property owners. *See United States v. Moore*, 543 F.3d 891, 899–901 (7th Cir. 2008).

Accordingly, the district court's decision on the parties' cross-motions is AFFIRMED.

---

[2]To the extent that Storey now wants to challenge the violations as groundless, we would abstain from reviewing any ongoing administrative proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971), and under the *Rooker-Feldman* doctrine, we would not have jurisdiction to review any final decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). In any case, Storey appears to be challenging the validity of the citations for the first time on appeal.