In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1577

MATTHEW WARCIAK, individually
and on behalf of all others similarly
situated,

*Plaintiff-Appellant*,

*v.*

SUBWAY RESTAURANTS, INCORPO-
RATED, a Delaware Corporation,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 08694 — **Charles P. Kocoras**, *Judge.*

ARGUED DECEMBER 12, 2019 — DECIDED FEBRUARY 5, 2020

Before BAUER, EASTERBROOK, and ST. EVE, *Circuit Judges*.

BAUER, *Circuit Judge.* T-Mobile customers with qualifying
plans can participate in a promotional service called "T-Mobile
Tuesdays" which offers free items and discounts from various

well-known stores. Messages are sent every Tuesday and customers who no longer wish to receive marketing communications may opt-out by contacting T-Mobile's customer service. In September 2016, a T-Mobile user, Matthew Warciak, received this text message:

> This T-Mobile Tuesday, score a free 6″ Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supply. Get app for details: http://t-mo.co/2bGiBjS.

The text message came from T-Mobile and Warciak was not charged for this text. Warciak sued Subway claiming Subway engaged in a common law agency relationship with T-Mobile, and that Subway's conduct violated the Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). T-Mobile is not included in the lawsuit, per the arbitration agreement in its subscriber agreement.

Subway filed a 12(b)(6) Motion to Dismiss; the district court dismissed the TCPA claim and declined to exercise jurisdiction over the state law ICFA claim. The district court found the complaint lacked sufficient facts alleging Subway's conduct to support Warciak's claims of actual and apparent authority, specifically, control over the timing, content, or recipients of the text message. Further, the district court found that the wireless carrier exemption applied and therefore, no underlying TCPA violation exists. Warciak appeals this dismissal and seeks an opportunity to replead and be assigned a new judge. For the following reasons, we find that the district court properly dismissed Warciak's claim.

## DISCUSSION

A dismissal for failure to state a claim is reviewed under a *de novo* standard. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 644 (7th Cir. 2019). The complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Congress passed the TCPA in order to protect consumers by regulating telemarketing communications and prevent cost-shifting of advertising costs. The TCPA prohibits any person, absent prior express consent, from making a call using an automatic system to any telephone number assigned to a cellular telephone service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). Text messages to a cellular telephone qualify as a "call" within the meaning of the statute. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016). "[T]he Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Id.* at 674 (citing *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013)).

In order to be held vicariously liable under the TCPA, an agent must have express or apparent authority. Express

authority exists when a principal expressly authorizes an agent and the agent acts on the principal's behalf and subject to the principal's control. *Clarendon Nat'l Ins. Co. v. Medina*, 645 F.3d 928, 935 (7th Cir. 2011) (citing Restatement (Third) of Agency § 1.01 (2006)). Apparent authority exists when a third-party reasonably relies on the principal's manifestation of authority to an agent. *Am. Soc'y of Mech. Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 565–74 (1982) (referencing the Restatement (Second) of Agency § 8 (1957)); Restatement (Third) of Agency § 2.03 (2006). Statements by an agent are insufficient to create apparent authority. *Id*.

After reviewing the record, we agree with the district court that Warciak's complaint failed to include enough facts to state a plausible claim for relief under the legal theory of vicarious liability. It is unreasonable for courts to contrive an inference when the scarce facts barely allege a claim. The only conduct by Subway alleged in the complaint is engaging in a contractual relationship with T-Mobile. Warciak claims a commercial contractual relationship between two sophisticated businesses is tantamount to an agency relationship. While an agency relationship can be created by contract, not all contractual relationships form an agency. For example, when a company wishes to place an advertisement in a circular, the publisher of the circular does not become the agent of the company.

Warciak's complaint lacks sufficient facts showing Subway manifested to the public that T-Mobile was its agent. Instead, he relied on T-Mobile's conduct: that T-Mobile's statement led recipients to believe the text came from Subway. However, statements by an agent are insufficient to create apparent authority without also tracing the statements to a principal's

manifestations or control. Restatement (Third) of Agency § 2.03 cmt. c (2006). Warciak's complaint further fails to allege sufficient facts to show how he reasonably relied, to his detriment, on any apparent authority with which he alleges Subway cloaked T-Mobile.

The text message itself has numerous indications that T-Mobile maintained control over the content, timing, and recipients. The text message states that the free sandwich is "just for being w/[ith] T-Mobile," the promotion is a part of "T-Mobile Tuesdays" and was sent on Tuesday, sent only to T-Mobile customers, and included a link to T-Mobile's website. Warciak's allegations are not enough to create apparent authority between T-Mobile and Subway. Therefore, without sufficient facts alleging a manifestation by Subway that T-Mobile is its agent to the public, Warciak's complaint was properly dismissed under a 12(b)(6) motion.

Warciak contends his suit is not barred under the TCPA's wireless carrier exception. The TCPA exempts calls "to a telephone number assigned to a cellular telephone service that are not charged to the called party." 47 U.S.C. § 227(b)(2)(C). The Federal Communications Commission stated, "the Commission does not require prior written consent for calls made to a wireless customer by his or her wireless carrier if the customer is not charged … ." 77 Fed. Reg. 34233 at 34235 ¶ 10 (2012) (expanding on its 1992 Order "concluding Congress did not intend to prohibit autodialed or prerecorded message calls by a wireless carrier to its customer when the customer is not charged."). Here, Warciak's complaint concedes that T-Mobile is his carrier, T-Mobile sent the text, and Warciak was not charged for the text. Therefore, the district court properly

applied the wireless exemption when it found no TCPA violation existed based on the facts alleged in the complaint.

## CONCLUSION

We AFFIRM the district court's dismissal of the complaint.