> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided September 2, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1041

| | |
|---|---|
| CHRISTEL VAN DYKE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 6112 |
| VILLAGE OF ALSIP and RODGER EARLY,<br>    *Defendants-Appellees*. | Virginia M. Kendall,<br>*Judge*. |

### O R D E R

Rather than complying with a zoning ordinance or applying for a variance, Christel Van Dyke sued the Village of Alsip and its building commissioner for enforcing it against her and preventing her from renting out a garden apartment. She admitted the noncompliance but asserted that the defendants targeted her while not enforcing the ordinance against others, violating the Equal Protection Clause. She also claimed that enforcing the ordinance against her amounted to a taking, requiring compensation.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because these allegations do not state a claim for either an equal protection violation or an unlawful taking, we affirm the district court's dismissal of her suit.

In her second amended complaint, Van Dyke alleged that Rodger Early, the Village's building commissioner, placed orange stickers on her three-flat building, prohibiting her from renting the garden unit until she installed sprinklers as required by a Village ordinance. She complained to the Village's mayor, who "ratified" Early's conduct and explained to Van Dyke that she could not rent the unit because the building was in an R-2 zone, which allows for the rental of only two units per building. But applying for a zoning variance was cost prohibitive for her.

Based on these allegations, Van Dyke claimed that the defendants' enforcement of the zoning ordinance against her, while knowingly not requiring compliance by other similarly situated property owners, violated her right to equal protection. She pointed to the defendants' admission in earlier filings that they had enforced the ordinance only twice since 1973, including once against Van Dyke's father. Van Dyke also claimed that enforcing the ordinance denied her the economically viable use of her property, amounting to a taking without just compensation.

The district court granted the defendants' motion to dismiss, concluding that Van Dyke failed to state a class-of-one equal protection claim because the defendants had a rational basis for their actions: enforcing the Village's ordinance. And allegations of selective enforcement, without more, do not implicate the Equal Protection Clause. Nor did she state a takings claim, because enforcing the ordinance did not leave her property essentially worthless or amount to a physical appropriation.

On appeal, Van Dyke first argues that she sufficiently pleaded a class-of-one equal protection claim, which required her to allege facts plausibly suggesting that she was "intentionally treated differently from others similarly situated" and "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). We review de novo a grant of a motion to dismiss for failure to state a claim. *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 356 (7th Cir. 2020).

Van Dyke argues that her case is "clearly not a mere case of non-uniform enforcement." But the essence of her claim is that, although she admittedly had been violating the ordinance for decades, it was unfair to target her because others in the Village were doing the same thing. It is difficult to see how this differs from selective enforcement, which, in itself, does not violate the Equal Protection Clause. Enforcement of local ordinances is a prosecutorial decision, *see Tuffendsam v. Dearborn Cnty. Bd. of*

*Health*, 385 F.3d 1124, 1128 (7th Cir. 2004), which entails selectivity. *See Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985). So an exercise of prosecutorial discretion, unless based on some invidious discrimination, is not typically a basis for a class-of-one challenge. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 604 (2008); *see also United States v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008) (class-of-one equal protection claim premised only on arbitrariness or irrationality is "a 'poor fit' in prosecutorial discretion context").

Van Dyke further contends that Early enforced the ordinance only because of a "personal vendetta" against her, likening her case to *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012). But even if we assume that personal animus can sometimes be the basis for a class-of-one claim, *see Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc), her allegation of animus does not add anything because she cites only the selective enforcement to support it. By contrast, *Geinosky* concerned allegations of dozens of parking tickets, some sequentially written and showing the car "in two places almost at once," that "clearly suggest[ed]" official harassment. 675 F.3d at 745, 748. Here, Van Dyke admitted the prohibited conduct and that the Village had enforced the ordinance against a third party. Therefore, she did not state a class-of-one claim.

Next, Van Dyke argues that she adequately pleaded a regulatory taking because the defendants' enforcement of the ordinance deprived her of income and rendered her rental unit "essentially worthless."[1] Property may be regulated, but "if regulation goes too far it will be recognized as a taking." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 326 (2002) (quoting *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922)). But Van Dyke's allegations show that the Village's enforcement of the ordinance against her does not go too far. Zoning laws are the "classic example" of permissible government action even when they prohibit the "most beneficial use of the property." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125 (1978). Van Dyke objects to the diminished value of her garden unit, but we focus on the "nature and extent of the interference with rights in the parcel as a whole." *Id.* at 130–31. Van Dyke's allegations reflect that she continues to rent the other two units in her building, and in any event, a diminution in property value, standing alone, cannot establish a taking. *See id.* at 131 (collecting cases).

---

[1] The district court also found that Van Dyke failed to state a physical takings claim, referencing the defendants' placement of the orange stickers on her property. To the extent that Van Dyke even alleged such a claim, she has abandoned it on appeal. *See Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020).

We have considered Van Dyke's other arguments, and none has merit.

AFFIRMED

ROVNER, *Circuit Judge*, dissenting in part. I join the majority in affirming the dismissal of Van Dyke's takings claim, but I respectfully part ways as to her class-of-one equal protection claim. As the majority recognizes, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000) (per curiam), requires that Van Dyke plead facts plausibly suggesting both that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Van Dyke has alleged that in the past 45 years, the Village (by its own account) has enforced the relevant provision of the zoning ordinance only three times, two of which involved her own property.

Enforcement of local zoning codes obviously involves prosecutorial choice, but this is not a case "involv[ing] discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603, 128 S. Ct. 2146, 2154 (2008). Whether or not more than two residential units are being rented on any given parcel is an objective, binary, and relatively easy to discern proposition. Van Dyke admittedly was violating the two-unit limit by renting out the basement unit of her two-flat building in addition to the first- and second-floor units, but, according to her complaint, so are any number of other two-flat owners. Whether and how to enforce the two-unit limit certainly involves judgment on the part of the Village, and Van Dyke has no right to insist that the Village exercise its discretion to cite any or all property owners who are in violation of the zoning ordinance as it has done in her case. *Storey v. City of Alton, Ill.*, 710 F. App'x 706, 708 (7th Cir. 2018) (non-precedential decision) (citing *United States v. Moore*, 543 F.3d 891, 899–901 (7th Cir. 2008)).

But she does have a right to equal protection of the law, and if she is being singled out deliberately for differential treatment with no rational basis on the part of the Village, then she is being deprived of that right. Her complaint plausibly suggests that she is. Van Dyke has alleged more than mere uneven or incomplete enforcement of the Alsip zoning code. *See Tuffendsam v. Dearborn Cnty. Bd. of Health*, 385 F.3d 1124, 1128 (7th Cir. 2004). Her situation is not akin, for example, to that of an unlucky speeding driver who happens to be pulled over and ticketed at random while others fly by, *see Engquist*, 553 U.S. at 603–04, 128 S. Ct. at 2154 (random ticketing does not support an Equal Protection claim), or a notorious slumlord of whom a city decides to make an example by way of selective enforcement of local ordinances, *see generally United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 1486 (1996) (identifying factors that legitimately inform an executive officer's decision to prosecute some but not all criminal offenses) (quoting *Wayte v. United States*, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530 (1985)).

Fairly read, Van Dyke's complaint evinces a near-total disregard of the rental limit *except* as to her. And on the face of the complaint, I can conceive of no rational explanation for enforcing the two-unit limit as to her (and one additional property owner)[1] but no other owner in violation of the same limit over a 45-year period. *See Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) ("[a]ll it takes to defeat [a class-of-one] claim is a *conceivable* rational basis for the difference in treatment") (quoting *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir.2013)) (emphasis in original); *cf. id.* (plaintiff pleaded herself out of court by alleging facts that suggested rational basis for singling out her property for local code enforcement). This supports an inference of purposeful targeting based on animus or some other invidious or wholly arbitrary ground. *See Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012); *Hanes v. Zurick*, 578 F.3d 491, 492, 494 (7th Cir. 2009). Perhaps discovery might disclose a plausible explanation for the differential treatment of Van Dyke's property, but at this stage of the litigation, the facts she has alleged are sufficient to overcome the presumption of rationality that otherwise attends a local government's enforcement efforts. *See Flying J. Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)).

I would therefore reverse the dismissal of this claim and remand for further proceedings.

---

[1] Notwithstanding the label, a viable class-of-one equal protection claim can be founded on the irrational treatment of more than one person. *Olech*, 528 U.S. at 564 n.\*, 120 S. Ct. at 1074 n.\*.